## Campbell, Appellant, *v.* Young *et al.*, Ex'rs.

The 90th section of the orphans' court law regulating the authentication of claims against the estates of deceased persons, was only designed to protect the administrator or executor against the consequences of wrongful payments which he may choose to make voluntarily; for if he discharges a debt without the voucher required by law, he does it at his own risk.

The creditor's right to sue for the recovery of his claim is not in any way affected by the statute.

APPEAL from the circuit court of Claiborne county.

This was an action of debt upon a writing obligatory. The defence relied on by the appellees was the statute of limitations, which bars all claims against the deceased, unless the same shall be presented to his executors or administrators within eighteen months after publication of notice by them for that purpose. The note which was sued on in the court below, was presented to the appellees for payment before the expiration of the eighteen months, but it had not been authenticated according to the requisitions of the 90th section of the orphans' court law. The court below, under this proof, instructed the jury that the plaintiff could not recover; and this is the ground of the error assigned.

Thrasher, for the appellant.

1. This cause depends on the construction of the statute, and that the court erred in the charge set out in the first error assigned, is evident from the fact, that the authentication spoken of in the 90th section of the Code, p. 53, is directory to the administrator or executor, and imposes no duty on the creditor of a deceased person. Such creditor is neither bound nor required by the 90th section so to authenticate his claim, nor is he laid under any disability for not doing so; the statute has no bearing on the creditor, and he is not included in the provisions of the section. Such authentication is not necessary in order to enable him to sue, nor would it, nor could it be used as evidence in a

Vol. III.—26

[Campbell, Appellant, *v.* Young *et al.*, Ex'rs.]

suit. It has been the settled practice in the state, for the last twenty years, to entertain suits on notes, bills, bonds and accounts against the representatives of deceased persons, without such authentication; and that such authentication was not necessary in order to maintain a suit, has been the decision of all the courts of the state.

2. That the court erred in the charge set out in the second assignment, is also evident from the same section of the Rev. Code, p. 53, and from the 115th sect. p. 63, which latter section declares that all claims against the estate of deceased persons, shall be presented to the executor or administrator, or collector, within eighteen months after publication of notice for that purpose, and not after. This section speaks not of authentication; nor does it require them to be authenticated when so presented. What, then, is the *ratio legis* evidently to operate as a notice that such claim is outstanding, and to enable the executor or administrator to settle the estate correctly by knowing its true situation?

3. The third assignment constitutes error for like reasons, even if the position of law assumed by the court, was correct. Yet the issues joined between the parties would not admit of such a charge. The issues were, that the writing obligatory, mentioned in the declaration, of which oyer had been given, had not been presented within eighteen months; the plaintiff proved that it had been so presented; and there the matter ought to have been at an end. It was the issue upon which the parties had agreed to try the case, and to rest the matter; for no mention is made in either of the pleas, which were special, of the claims not having been presented duly authenticated, but simply that it had not been presented as it was filed in the declaration; whereupon the court could not charge on matters not in issue between the parties.

Montgomery, for the appellees.

The statute requires that executors shall not pay any claims against their testator, unless an affidavit be attached or endorsed on the evidence of the claim; in case of a bill single, that no part of the money intended to be secured by such instrument has been received, &c. Rev. Code, p. 53, sect. 90.

[Campbell, Appellants, *v.* Young *et al.,* Ex'rs.]

All claims against deceased persons are to be presented in eighteen months, to the executor, after publication of notice; and if not presented, they shall be barred, and the estate discharged therefrom; and the act may be given in evidence in bar of any claim, of which notice had not been given according to the foregoing provisions. Rev. Code, p. 63, sect. 115.

The next section prescribes the time and mode of giving notice to creditors to produce their claims.

A bill single is not a claim against the estate of the deceased, which the executors are authorised to pay, unless accompanied by the affidavit required by the statute.

The affidavit required is not proof of the original legality of the claim, but that it has not been discharged or satisfied by deceased in his lifetime. The statute was clearly intended to protect estates from the payment of claims without some satisfactory evidence that they had not been paid or liquidated; and the slightest evidence of that which could be required, is the affidavit of the party.

By the Court:—We do not think that the creditor's right to sue for the recovery of his claim against a deceased person, is in any way affected by the provisions of the statute. It was only designed to protect the administrator or executor against the consequences of a wrongful payment which he may choose voluntarily to make. If the demand is fraudulent, the proof required by the statute will yet protect him; whereas, if he discharges it without the voucher mentioned and prescribed by law, he does it at his own risk. This is the whole design of the act. This case is precisely that of John Smith *v.* Prestwood Smith's Administrator, which was decided at a former day of this term, *ante,* 216.

The judgment must, therefore, be reversed, the cause remanded and a *venire de novo* awarded.